UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: BODY SCIENCE LLC PATENT LITIGATION | ) ) ) ) ) | MDL No. 1:12-md-2375-FDS |
| *This Document Relates To:* | ) ) ) | |
| BODY SCIENCE LLC, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. 12-11668-FDS |
| v. | ) ) | |
| POLAR ELECTRO, INC., | ) ) | |
| Defendant. | ) ) ) | |

## MEMORANDUM AND ORDER ON
## MOTION TO COMPEL DEPOSITION TESTIMONY

**SAYLOR, J.**

This is a patent dispute involving medical monitoring devices. Plaintiff has brought suit against four defendants for patent infringement; all four actions have been consolidated for pretrial purposes pursuant to an order of the Judicial Panel on Multidistrict Litigation ("JPML"). Plaintiff Body Science LLC contends that defendants Philips Electronic North America Corporation; A&D Engineering, Inc.; Polar Electro, Inc.; and LifeWatch Services, Inc., sell medical monitoring devices that infringe on the claims of two of its patents: U.S. Patent No. 6,289,238 ("the '238 patent") and U.S. Patent No. 7,215,991 ("the '991 patent"). Plaintiff seeks, among other things, injunctive relief and monetary damages.[1]

---

[1] A suit against a fifth defendant, Boston Scientific Corp., has been dismissed.

On August 7, 2014, plaintiff served a notice of deposition upon defendant Polar Electro, Inc. ("Polar"). The notice specified that plaintiff sought testimony on, among other things, the "design, implementation, and operation" of Polar's products. On September 17, 2014, Polar designated two witnesses to testify on its behalf under Fed. R. Civ. P. 30(b)(6). However, Polar has indicated that these two witnesses will only be able to testify to the use and operation of Polar's products, and not to their design or implementation. Polar contends that all of its products are designed by its parent company, Polar Electro Oy, which is based in Finland. Accordingly, Polar contends that only employees of Polar Electro Oy could testify to the design or implementation of Polar's products.

On September 25, 2014, plaintiff filed a motion to compel Polar to comply in full with its deposition request. Polar contends that it has no control over any employees of Polar Electro Oy, and that therefore it is unable to provide witnesses with the knowledge plaintiff seeks.

Fed. R. Civ. P. 30(b)(6) requires a corporation to provide a representative to testify "about information known or reasonably available to the organization." In this case, information about the design or implementation of Polar's products is not "reasonably available" to Polar, as this information resides exclusively with employees of Polar Electro Oy. This Court will not compel Polar to acquire the knowledge of a parent company that it does not control. *See In Re Ski Train Fire of November 11, 2000 Kaprun Austria*, 2006 WL 1328259 (S.D.N.Y. May 16, 2006) (denying motion to compel "a corporate parent to acquire all of the knowledge of the subsidiary on matters in which the parent was not involved"); *cf. Murphy v. Kmart Corp.*, 255 F.R.D. 497, 508-09 (D.S.D. 2009) (compelling a subsidiary to acquire information in the possession of its parent only where the court's "independent research" of defendant's corporate

2

structure indicated that the subsidiary could exercise control over the parent).[2]

Accordingly, plaintiff's motion to compel Polar to provide a witness who can testify as to the design and implementation of Polar's products is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: October 31, 2014

---

[2] In accepting Polar's contention that it cannot acquire information or witnesses from Polar Electro Oy, the Court notes its expectation that Polar will maintain this position consistently throughout the remainder of the litigation.